NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MATTHEW WEHNER,

Plaintiff - Appellant,

v.

GENENTECH, INC.; UNITED STATES
ROCHE DC FIDUCIARY COMMITTEE,

Defendants - Appellees.

No. 24-2630

D.C. No.
3:20-cv-06894-RS

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted August 26, 2025
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Matthew Wehner appeals the district court's dismissal of his claims under

the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§ 1001, *et seq*. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court correctly dismissed Wehner's claim that defendants, the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

fiduciaries for Genentech's retirement plan, violated their duty of prudence under ERISA by retaining certain investments ("the Roche TDFs") in Genentech's retirement portfolio.

ERISA requires plan trustees to act with the "care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). "ERISA requires prudence, not prescience." *Anderson v. Intel Corp. Inv. Pol'y Comm.*, 137 F.4th 1015, 1021 (9th Cir. 2025) (citation modified). "Because we evaluate prudence prospectively, based on the methods the fiduciaries employed, rather than retrospectively, based on the results they achieved, it is not enough for a plaintiff simply to allege that the fiduciaries could have obtained better results . . . by choosing different investments." *Id.* at 1021. Rather, "a plaintiff must provide 'some further factual enhancement' to take the claim across 'the line between possibility and plausibility.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Wehner's operative complaint lacked sufficient factual content to plausibly take his claim that defendants violated their duty of prudence under ERISA across the line. As we recently explained, when an ERISA plaintiff attempts to plead imprudence "by relying on a theory that a prudent fiduciary in like circumstances

2

would have selected a different fund based on the cost or performance of the selected fund, that plaintiff must provide a sound basis for comparison." *Id.* at 1022. With regard to Wehner's proposed comparators, the operative complaint lacks the factual content that *Anderson* requires to give rise to a plausible inference of breach of the duty of prudence. *See id.* (explaining that merely "labeling funds as 'comparable' or 'a peer' is insufficient to establish that those funds are meaningful benchmarks against which to compare the performance of the [Roche TDFs]"). Likewise, Wehner's allegations regarding defendants' investment manager fail to "nudge[]" his duty of prudence claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see also Hughes v. Nw. Univ.*, 595 U.S. 170, 177 (2022) (explaining that "the circumstances facing an ERISA fiduciary will implicate difficult tradeoffs, and courts must give due regard to the range of reasonable judgments a fiduciary may make based on her experience and expertise").

2. We also affirm the district court's dismissal of Wehner's claim that defendants failed to monitor co-fiduciaries under 29 U.S.C. § 1105(a) because that claim is derivative of Wehner's duty of prudence claim.[1]

**AFFIRMED.**

---

[1] Because Wehner does not assert on appeal that he should have been granted leave to amend the operative complaint, we do not address the issue.